**BENETTON SERVICES
CORPORATION,
Plaintiff,**

v.

**BENEDOT, INC., Defendant.**

**Civ. A. No. 90–C–00263–S.**

United States District Court,
N.D. Alabama, S.D.

Feb. 28, 1991.

---

Warren B. Lightfoot, Jere F. White, Jr., Michael Lester Bell, Lightfoot Franklin White & Lucas, Birmingham, Ala., and Charles E. Buffon, Deborah A. Garza, Cov-

ington & Burling, Washington, D.C., for plaintiff.

N. Lee Cooper, Tony George Miller, Gregory H. Hawley, Mark G. Strength and Jeffrey Monroe Grantham, Maynard Cooper Frierson & Gale, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

CLEMON, District Judge.

In the first paragraph of its complaint herein, plaintiff Benetton Services Corporation ("Benetton") describes this action as one in which "... an award of damages [is sought] against the defendant as a result of an attachment proceeding sued out in the Circuit Court of Jefferson County, Alabama." Benetton complains that defendant Benedot Corporation's ("Benedot") attachment denied Benetton due process of law,[1] was wrongful under state law, and constituted an abuse of process. The core of Benetton's claim, however, is that "no statutory grounds exist for [the] attachment sued out by Benedot." Benetton's Memorandum In Opposition to Defendant's Motion For Sanctions, p. 1. This action was filed on February 14, 1990. Jurisdiction exists because of the diverse citizenship of the parties. 28 U.S.C. § 1332.

Roughly six months prior to the commencement of the instant case, Benedot brought suit in state court against Benetton for fraudulent business misrepresentation, alleging Benetton's intent to cause them serious economic hardship. Additionally, Benedot's several-count complaint set forth claims of conspiracy, breach of fiduciary duty, defamation, breach of contract, and intentional interference with business relationships.

While pursuing its "adequate remedy at law," Benedot obtained an *ex parte* prejudgment writ of attachment in Jefferson County Circuit Court. The *res* of the writ is an irrevocable letter of credit to Benetton in the amount of $61,000. The letter of

---

1. "19. While Benetton Services submits that Benedot misused and abused the legal principles relating to attachment proceedings in Alabama, in the alternative, in the event Benedot's actions are deemed permissible under Alabama law, Benetton Services submits that such a proceeding, without due process of law, deprived plaintiff of its property rights guaranteed by the Constitution of the United States."

credit was issued by Southland Bank of Dothan, Alabama on behalf of Benedot as security for fall and winter merchandise to be shipped by Benetton to Benedot.

The motion alleged that the attachment was wrongful and that the writ of attachment "... is unconstitutional both under the United States Constitution and the Constitution of Alabama", (Paragraphs 8–9 of Benetton's Motion To Dissolve Writ of Attachment). Benetton immediately filed a motion to dissolve the writ of attachment.[2]

The state court conducted a hearing on the merits of Benetton's motion prior to the execution of the writ. It subsequently denied the motion. After the writ was finally executed, Benetton filed yet another motion to dissolve which similarly was denied by the state court following an appropriate hearing.

The state court action is pending.

Defendant Benedot has now moved this Court to dismiss this case. In particular, Benedot maintains that the claims of Benetton arise from the same transaction that serves as the basis of a parallel action now pending in state court, i.e., the Circuit Court of the Tenth Judicial Circuit (Jefferson County) of Alabama. cf. Benedot, Inc., et al. v. Benetton S.p.A., et al., CV-89–2765 (Tenth Judicial Circuit, Alabama). Therefore, Benedot urges, certain federal court abstention doctrines necessitate dismissal of this case as a matter of law.

Benetton denies the existence of a parallel action in state court. Plaintiff's Letter Memorandum, May 2, 1990. It argues that the instant federal case is premised upon "a separate and independent cause of action." Id.

Having considered the record, the briefs, and the arguments of counsel, the Court concludes that considerations of wise judicial administration compel the dismissal of this action, without prejudice to Benetton's right to pursue its wrongful attachment claim in state court.

The United States Supreme Court has articulated specific considerations that should be made regarding the dilemma of contemporaneous exercise of concurrent jurisdiction. As between state and federal courts, the rule is well known: a federal court may not dismiss a suit merely because a state court could entertain it. Alabama Pub. Serv. Comm'n v. Southern R. Co., 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002 (1951) (Frankfurter, J., concurring in result). Under some circumstances federal court deference to state proceedings is appropriate. However, it is settled that only "truly exceptional" circumstances are meritable. Colorado River Water Cons. Dist. v. U.S., 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1975).

In Colorado River, the United States filed suit in federal court to obtain a declaration of water rights. Thereafter, one of the defendants brought a similar suit in state court with the government as a party.[3] The federal district court stayed its proceedings because of the parallel state filing and the United States Supreme Court affirmed. The basis for the Court's decision was that the case did not fit into one

---

2. The Alabama attachment statute, Ala.Code § 6-6-250 (1975), and Rule 64, Ala.R.Civ.P., has been adjudicated constitutionally valid so long as a judicial officer issues the writ of attachment. Jones v. Preuit & Mauldin, 822 F.2d 998 (11th Cir.1987). In the present action, a judicial officer did issue the writ of attachment. Therefore it is doubtful whether plaintiff has standing to bring this constitutional challenge.

3. Defendant Benedot urges the Court to avail itself of any one of the available abstention theories to dismiss this action. However, it is not clear that the abstention doctrines, and the Pullman abstention, in particular, are applicable. See Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (under certain circumstances, the federal court should not resolve the federal constitutional question until the matter has been sent to state court to adjudicate the uncertain issue of state law). The federal court doctrine of abstention is an exception to the duty to adjudicate all controversies properly before it. The doctrine permits abdication of this responsibility to resolve controversies only where an important countervailing interest is served. County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959); Colorado River Water Cons. Dist. v. U.S., 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). For purposes of a Pullman abstention, this Court cannot identify the unsettled question of state law. See supra note 2.

of the traditional abstention doctrines. Consequently, a dismissal in the interests of wise judicial administration was recognized. *Id.* at 817, 96 S.Ct. at 1246.

The Court noted at least four circumstances that must be considered in determining whether dismissal is appropriate. Those factors include: the problems that occur when concurrent *in rem* jurisdiction is exercised; convenience of the forum; and the order in which the concurrent suits were filed. Finally, the Court noted the need to avoid piecemeal litigation. *Id.* at 818, 96 S.Ct. at 1246. But no single factor is determinative, and only the most distinct grounds will permit dismissal.

The *Colorado River* doctrine was further clarified in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In that case, the court restated the *Colorado River* dismissal considerations outlined above and added two others concerning, specifically, the order that jurisdiction was obtained, and the progress that has been made in each of the concurrent actions. *Id.* 103 S.Ct. at 937. Moreover, *Moses H. Cone* clarified the *Colorado* doctrine as a balancing test with the "balance heavily weighed in favor of the exercise of jurisdiction." *Id.*

The initial requirement under the *Colorado River* doctrine is the presence of a duplicative, parallel state proceeding. In the present action, the duplication in the state and federal proceedings is manifest.[4] Little, if any, progress has been made in the present action before this Court.

Moreover the attachment at issue was entered in state court during ongoing proceedings.[5] Also of note is the fact that the parties in each action are the same.

Application of the *Moses H. Cone* analysis to the present circumstances shows that dismissal is appropriate. The state court has, in fact, assumed jurisdiction over the contested *res*, the $61,000 letter of credit. The state trial judge was unquestionably concerned with the ultimate disposition of the letter of credit and by whom it was finally received. Discovery already completed in state court would be duplicated if this court retained jurisdiction.

There is also a risk of piecemeal litigation if jurisdiction is retained by this Court. All claims arising out of the business relationship between Benedot and Benetton can be resolved in ongoing the state court action. Finally, the state claim was filed before the present action was initiated.

Upon these considerations, and in the interests of wise judicial administration, this case will be dismissed, without prejudice to the parallel proceedings in state court.

A separate order embodying this conclusion shall issue.

---

**4.** The Jefferson County Circuit Court has already held a hearing to consider whether the disputed attachment meets constitutional requirements of due process. *Ante* at 686. Benetton has also raised this issue in the present action. However, considerations of comity and wise judicial administration urge that an issue involving the interpretation of a state statute is best decided in the ongoing state court proceeding. The "unflagging obligation" of federal courts to hear matters properly before it does not include a responsibility to adjudicate issues that are duplicative of those addressed in a contemporaneous state court action. *Newsom v. Vanderbilt University*, 653 F.2d 1100, 1107 (6th Cir.1981), *citing Trainor v. Hernandez*, 431 U.S. 434, 440, 97 S.Ct. 1911, 1916, 52 L.Ed.2d 486 (1977) (comity reflects a concern that state courts be permitted to try state cases without federal court interference).

**5.** With respect to applicable law, Alabama law clearly governs in this attachment action. Determination of whether the Jefferson County Circuit Court properly complied with Rule 64 is appropriately left to state adjudication. It is apparent that Benetton has brought claims before this Court that could be raised as a defense or counterclaim in state court. On this basis, concern for judicial administration urges federal court deference to state proceedings. *Hart and Wechsler, The Federal Courts and The Federal System*, 1451–1452 (3rd ed. 1988) (Bator, Meltzer, Mishkin and Shapiro, eds.)